IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:13CR55-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DONALD ALLEN SAXTON, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Donald Allen Saxton's Motion To Revoke Order Of Detention, filed July 15, 2013 (Doc. 8), and the Government's Response in Opposition, filed July 18, 2013 (Doc. 9).

Defendant's original detention hearing was held on July 3, 2013, before United States Magistrate Judge David S. Cayer. At the conclusion of that hearing, Defendant was ordered detained. The Magistrate Judge found clear and convincing evidence demonstrating:

> Defendant has three prior felony convictions including one for possession of firearm by felon. He also has three prior probation violations. Government proffers that Defendant made statement that he was "holding" firearms for a friend. That person has been investigated for threats against the President. Defendant was in possession of a target with a picture of the President on it. There was a bullet hole in the target.

(Doc. 5). The Magistrate Judge ultimately determined that no conditions or combination of conditions could reasonably assure the safety of the community. *See* 18 U.S.C. §3145(b).

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) *(citing United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). The Court has reviewed the entire criminal record, including the audio recording of the detention hearing and the Pretrial Services Report, which recommended detention.

In determining whether there are conditions of release that will reasonably assure the

safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged (including whether the offense is a crime of violence or involves a controlled substance);
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors, the Court agrees that bond is not appropriate. The nature and circumstances of the offense charged weighs in favor of detention as this Defendant is charged with possession of a firearm by a convicted felon on November 27, 2012, in violation of 18 U.S.C. § 922(g)(1).[1] The circumstances surrounding Saxton's arrest are curious in that Saxton had a magazine picture of the President displayed in his living room with a red bull's eye drawn on the President's face and a bullet hole through the magazine.

In addition, the weight of the evidence is strong in light of the multiple firearms found in Defendant's home and Saxton's own admissions. After his home was searched by law enforcement, Saxton admitted to owning three of seven weapons discovered in the search. Saxton claimed to be "holding" the others for Christopher Setzer, who is under investigation by the United States Secret Service for making threats against the President.[2]

---

[1] Defendant was originally charged in Iredell County Superior Court. The federal Indictment issued on June 19, 2013 and Defendant was arrested June 25, 2013.

[2] The Government's response states that Setzer is also a convicted felon. However, it does not

Despite argument to the contrary, the history and characteristics of Defendant Saxton personally are neutral at best. While Saxton appears to have family support and available employment, Saxton likewise has a reported history of daily alcohol use and a history of violence. Defendant's criminal history reveals prior felony convictions in state court for burglary and possession of a firearm by a convicted felon.[3] While the most serious convictions for second degree burglary occurred in 1998, it is telling that Saxton, a juvenile at age fifteen, was tried as an adult.[4] Saxton's overall criminal record, which includes a probation violation, reveals a pattern of non-compliance.

Notwithstanding the idea that Saxton presents a potential threat to the President, there is sufficient evidence tending to show that Defendant's penchant for firearms, and his possession of the same (both locked and unlocked) in the vicinity of children, is a real and legitimate threat to the safety of the community. In this instance, Defendant was originally identified by a member of the community and reported to the Iredell County Sheriff's Office as a potential threat to the safety of area children. Defendant's seven-month stint on bond for his state charges is not determinative of this factor. Nor is Defendant's willingness to assist law enforcement in arresting Setzer.

Moreover, like the magistrate judge, the undersigned is persuaded that Saxton's involvement with Christopher Setzer, particularly Saxton's willingness to hold Setzer's weapons while contemporaneously acknowledging that he considered Setzer dangerous, reveals more than

---

appear that Setzer has been indicted in federal court as of the date of this Order.

[3] The record of charges brought against Saxton is lengthy and includes violent offenses such as assault on a female and assault on a child under the age of 12; but the record is also replete with voluntary dismissals.

[4] This prosecutorial decision may indicate that the underlying conduct was particularly egregious or that Saxton was not amenable to the rehabilitative services offered within the juvenile justice system.

the principled, dutiful motive suggested by defense counsel. The Government contends that a more likely scenario is that Defendant was actually assisting (or conspiring with) Setzer by concealing the firearms in his home so that the United States Secret Service would not locate them via the investigation of Setzer. Significantly, it was only *after* law enforcement arrested Saxton that he advised law enforcement that he had observed Setzer in possession of pipe bombs and an anarchist's cookbook. Finally, the fact that Saxton allegedly provided false information to law enforcement when initially confronted about the concern of the tipster is troubling.[5]

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion To Revoke Order Of Detention is hereby **DENIED**. Defendant shall remain in custody pending adjudication.

Signed: July 19, 2013

Richard L. Voorhees
United States District Judge

---

[5] At the same time Saxton was representing to law enforcement that he did not have a key to the gun safe (or any other weapons in the home), a set of keys – including the key to the safe – sat on the kitchen table. In addition, Saxton eventually admitted to owning the weapon discovered in his bedroom closet.